**Paul–Francesco VILLELLA, Plaintiff–Appellant,**

v.

**Dale A. HALL, et al., Defendants–Appellees,**

No. 03–2874.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 3, 2003.[*]

Decided Dec. 4, 2003.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Paul–Francesco Villella, Siren, WI, for Plaintiff–Appellant.

Bryce H. Tolefree, Waukesha, WI, Peggy A. Lautenschlager, Office of the Attorney General, Madison, WI, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Paul–Francesco Villella sued the sheriff's deputies, prosecutors, judges, jailors and others involved in his arrest under 35 U.S.C. §§ 281, 283–85, alleging that they infringed what he refers to as his "land patent" by arresting him on his land, pursuing state criminal cases against him, and imprisoning him. Villella requested damages, a declaration that defendants infringed his "land patent," and sought to enjoin the pending state criminal cases. The district court sua sponte dismissed Villella's case for lack of subject matter jurisdiction, finding that the case neither involved diversity of citizenship, *see* 28 U.S.C. § 1332, nor raised a federal question, *see* 28 U.S.C. § 1331. The court found Villella's assertion of an infringed "land patent" to be "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." District Court's Order of Feb. 7, 2003 (quoting *Oneida Indian Nation of New York v. Oneida County*, 414 U.S. 661, 666–67, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

On appeal Villella renews his argument that federal patent law provides jurisdiction for his claims. He cites *State of Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir.1983), for the proposition that both a patent for an invention and a land patent confer property rights. That prop-

osition may be true, but it is irrelevant here. Villella has not alleged that a patented invention has been infringed, *see* 28 U.S.C. § 1338; 35 U.S.C. §§ 100(a), 271, and his assertion of a "land patent" being infringed is plainly insubstantial. *Cf. Baker*, 698 F.2d at 1327 (holding that federal jurisdiction for property rights actions exists only when federal law continues to govern the rights, or if the suit is to decide whether the United States originally conveyed the land).

 Villella also argues that the district court erred in dismissing his complaint because he raised a constitutional claim—namely, one of trespass. This contention is frivolous. The possibility that the defendants committed trespass when they entered Villella's property does not allege a violation of the Constitution. *See Andree v. Ashland County*, 818 F.2d 1306, 1314–15 (7th Cir.1987).

For the foregoing reasons the dismissal of Villella's case for lack of subject matter jurisdiction is AFFIRMED.